UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL ROBBINS,<br><br>                      Petitioner,<br>v.<br><br>JERRY HOWELL, et. al,<br><br>                      Respondents. | Case No. 2:19-cv-02153-APG-VCF<br><br>**Order Granting in Part Respondents' Motion to Dismiss**<br><br>[ECF No. 35] |

Daniel Robbins, a Nevada prisoner, filed this habeas corpus proceeding under 28 U.S.C. § 2254 . The respondents move to dismiss, arguing that the petition contains claims that are untimely, not cognizable in a habeas proceeding, conclusory, and unexhausted. ECF No. 35.

**I. BACKGROUND**

After a jury trial in the Fifth Judicial District Court for Nye County, Nevada, Robbins was found guilty of second-degree murder with use of a deadly weapon, battery with use of a deadly weapon, battery causing substantial bodily harm, and two counts of assault with a deadly weapon. The trial court entered a judgment of conviction in March 2013, which Robbins appealed.

In July 2014, the Supreme Court of Nevada affirmed the judgment. In August 2015, Robbins filed a post-conviction petition for writ of habeas corpus in state district court that contained no substantive claims, only a request to file a supplemental brief. After Robbins waited nearly two years to file the supplemental brief, the state district court denied the petition on both substantive and procedural grounds. Robbins appealed. In November 2019, the Supreme Court of Nevada affirmed the denial of the petition.

Robbins initiated this federal habeas proceeding on December 16, 2019. I granted his unopposed motion for leave to file an amended petition. On July 31, 2020, Robbins filed, with

the assistance of counsel, his first amended petition for writ of habeas corpus (ECF No. 20), which the respondents now seek to dismiss.

**II. DISCUSSION**

1. *Timeliness.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id.* Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Claims included in an amended petition filed beyond the one-year statutory period will be deemed untimely unless they relate back to a timely-filed petition. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (confirming that Federal Rule of Civil Procedure 15 applies to habeas actions). In *Mayle*, the Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. *Id.* at 663-64. The common core of operative facts must not be viewed at too high a level of generality. *Id.* at 661.

"'[F]or all purposes,' including relation back, the original petition consists of the petition itself and any 'written instrument[s]' that are exhibits to the petition," which may include a state court brief or court decision. *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020) (quoting Fed. R. Civ. P. 10(c)). Determining "whether an amended petition relates back to an original petition that relied on an appended written instrument to help set forth the facts on which it based its claims" requires a two-step analysis. *Id.* First, the court must "determine what claims the amended petition alleges and what core facts underlie those claims." *Id.* Second, "for each claim in the amended petition," the court must examine "the body of the original petition and its exhibits" to see whether the pleading set out or attempted to set out "a corresponding factual

episode," or "whether the claim is instead supported by facts that differ in both time and type" from those in the original petition. *Id*.

Here, the parties agree that Robbins' initial federal petition (ECF No. 8) was filed within the one-year limitation period and that his amended petition (ECF No. 20) was filed after the period had expired. ECF No. 52 at 6.  Thus, claims in Robbins' amended petition are time-barred unless they relate back to the initial petition.  The respondents argue that Grounds A, C, D, E, F, G, H, and I of the amended petition do not relate back.[1]

Ground A – In Ground A, Robbins alleges that he was denied his right to a fair trial under the Due Process Clause because the State failed to produce the vehicle driven by the decedent. The respondents argue that, while Robbins raised a "somewhat similar claim" in his original petition, modifications to the claim in his amended petition defeat relation back. ECF No. 35 at 10.  I disagree.  Ground A and Ground 1 of the original petition rely on the same core of operative facts.  Thus, Ground A relates back to the timely-filed petition.

Ground C – In Ground C, Robbins alleges a violation of his constitutional rights due to various instances of prosecutorial misconduct that occurred during his trial.  He cites to three separate comments the prosecutor made during closing arguments.  He also claims the prosecutor "testified at trial and interjected himself as a witness." ECF No. 20 at 18.

Robbins raised the allegations related to closing arguments in Ground 3 of his initial petition.  He concedes, however, that the allegations regarding the prosecutor improperly testifying do not relate back.  Accordingly, that portion of Ground C is time-barred.

Ground D – Ground D consists for four sub-claims alleging ineffective assistance of counsel under the Sixth and Fourteenth Amendments.  In Ground D(1), he alleges counsel failed to retain investigative and expert assistance to challenge the State's experts and to support his accidental discharge defense. Robbins argues this claim relates back because Ground 3 in the

---

[1] In their motion to dismiss, the respondents referred to Robbins' claims numerically, but Robbins' response and the respondents' reply adhere to the alphabetical labels used in Robbins' amended petition.

original petition states, in part: "The facts showed there were only 2 gunshots fired from one gun. One was a warning shot and the other was the unintentional discharge." ECF No. 8 at 7.  He further argues that a Supreme Court of Nevada decision attached to his original petition discussed his state post-conviction claim "that counsel should have retained an expert witness to contradict the uncontroverted expert testimony presented by the State." ECF No. 8-1 at 12.

The portion of the original petition Robbins cites does not suffice as a factual episode that corresponds to the facts supporting Ground D(1).  And while attachments can provide the necessary facts to support relation back, the initial petition itself must at least identify specific grounds for relief to which the facts relate. *Ross*, 950 F.3d at 1167 ("If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back.").  Even under *Ross*, facts contained in attachments to the initial petition cannot provide the basis for relation back if they are not related to grounds for relief asserted within the timely petition. *Id*. at 1168 ("If an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back.").  That is the case here as the relevant facts in the Supreme Court of Nevada decision do not relate to a ground for relief within Robbins' initial petition.[2]  Ground D(1) does not relate back and is, therefore, time-barred.

In Ground D(2), Robbins alleges counsel was ineffective for failing to object to the instances of prosecutorial misconduct alleged in Ground C.  Robbins concedes the portion of the claim based on counsel's alleged failure to object to the prosecutor improperly testifying does

---

[2] The court's noncapital Section 2254 habeas petition form and the instructions direct the petitioner to attach to his petition a copy of all state court written decisions regarding his conviction. https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/2254-Habeas-Petition-NOT-Sentenced-to-Death-Packet.pdf.  Likely, Robbins was merely complying with that direction rather attempting to provide additional factual details in support of his claims.

not relate back.  Accordingly, that portion of Ground D(2) is time-barred.  The remaining portion relates back to the facts alleged in Ground 3 of the original petition.

In Ground D(3), Robbins alleges counsel was ineffective by failing to explain the spousal privilege to him and prevent the presentation of privileged statements at trial.  The respondents argue the claim does not relate back because it alleges ineffective assistance of counsel rather than a due process/fair trial violation and adds facts not in the original petition.  I disagree and conclude that it is based on the same core of operative facts as Ground 4 in Robbins' initial petition.  Ground D(3) relates back to the timely-filed petition.

In Ground D(4), Robbins alleges counsel was ineffective by failing to make a record of the disparity between the way the trial court treated the prosecutor and the way it treated defense counsel.  Robbins concedes the claim does not relate back to his initial petition, so Ground D(4) is time-barred.

<u>Ground E, F, G, and H</u> – In Ground E, Robbins alleges his conviction and sentence violate his constitutional rights because of new evidence discovered after trial.  The new evidence Robbins cites is alleged problems with Nye County's 9-1-1 call system.  In Ground F, he alleges he was deprived of a fair trial because the mother of one of his victims may have had improper contact with one of the jurors.  In Ground G, he alleges he was deprived of a fair trial because the jury was able to hear inadmissible evidence during a bench conference.  In Ground H, he alleges his sentence constitutes cruel and unusual punishment under the Eighth Amendment.

Robbins' initial petition contains no factual allegations that would support relation back for any of these claims.  And the attached Supreme Court of Nevada decisions do not support relation back as discussed about Ground D(1) above.  Ground E, F, G, and H are time-barred.

<u>Ground I</u> – In Ground I, Robbins alleges he is entitled to habeas relief due to the cumulative effect of all the errors that occurred at his trial.  This claim relates back to the extent it incorporates individual claims that relate back.

/ / / /

2. *Failure to State a Claim for Habeas Relief.*

The respondents argue that Grounds E and G are not cognizable as federal habeas claims because they present state law issues. Violations of state law are not addressable in federal habeas corpus. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Ground E is premised on the legal theory that Nevada Revised Statutes § 176.515 entitled Robbins to a new trial or, at least, that the state court was required to conduct an evidentiary hearing on his state post-conviction petition. Robbins concedes the claim is based on state law but asks for leave to amend the claim to allege that counsel was ineffective for not investigating the local 9-1-1 system prior to trial. Because the claim is also time-barred, I deny the request. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Ground G claims a violation of Robbins' right to a fair and impartial jury under the Sixth Amendment. The claim refers to a section of the Nevada Revised Statutes about determinations of admissibility being conducted outside the presence of the jury.[3] Even so, Ground G is premised on a federal law theory and thus is cognizable in this federal habeas proceeding.

The respondents contend that Robbins did not plead Ground F with sufficient factual specificity. In federal habeas cases, "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" *See* Adv. Comm. Notes to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (1976 Adoption) (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970)). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 29 (9th Cir.1994). Ground F alleges an improper contact between the mother of one of Robbins' victims and one of the jurors. The respondents

---

[3] The petition cites to "NRS 57.080" but there is no such section in the Nevada Revised Statutes. ECF No. 20 at 25. I suspect Robbins meant to cite Nev. Rev. Stat. § 47.080, the statutory section relevant to his claim.

6

essentially attack this claim on the merits. ECF No. 62 at 10-11.  While the claim likely lacks merit, it meets the Rule 4 standard for pleading.

      3. *Exhaustion.*

The respondents argue that Grounds A, C, D(2-4), E, F, H, and I are unexhausted.[4]  A federal habeas petitioner must first exhaust state-court remedies on each claim before presenting them to the federal court. 28 U.S.C. § 2254(b)(1)(A).  To satisfy the exhaustion requirement, a petitioner must "fairly present" his claims to the state's highest court. *See e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims. *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).  On the other hand, new allegations that do not "fundamentally alter the legal claim already considered by the state courts" will not render a claim unexhausted. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

      <u>Ground A</u> – As noted, Ground A alleges constitutional violations stemming from the State's failure to produce the vehicle driven by the decedent.  The respondents argue the claim is not exhausted because it adds facts and arguments that alter the nature of the claim presented to the Supreme Court of Nevada.  In particular, the respondents note Ground A adds allegations that Robbins was prejudiced by the jury not being able to view the vehicle, that counsel was left unable to effectively respond to the State's expert, and that the trial court's failure to give an

---

[4] In their motion, the respondents argued Ground D(1) is also unexhausted, but they withdrew that argument in their reply.

instruction about the State's mishandling of evidence constituted an independent violation of the Due Process Clause.[5]

Robbins' argument to the Supreme Court of Nevada was based on essentially the same factual incident as Ground A: the State's failure to produce the car driven by the decedent. ECF No. 47-5 at 26-28.  The legal basis for the claim has not changed.  Thus, Ground A is exhausted. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (finding the exhaustion requirement satisfied even though the precise factual predicate for the claim had changed after it was presented in the state courts because the change did not fundamentally alter the legal basis for the claim).

Ground C, D(2) – The parties agree that the portion of these claims based on allegations related to the prosecutor improperly testifying are unexhausted.

Ground D(3) – Ground D(3) is an ineffective assistance of counsel claim based on counsel's alleged failure to explain the spousal privilege to Robbins and prevent the presentation of privileged statements at trial.  The respondents argue the claim is unexhausted because Robbins added a component to the claim that was not presented in his state post-conviction appeal: the State's presentation of a "jail call recording" at trial. ECF No. 35 at 19.  The respondents argue that this addition "substantially improve[s] [the] evidentiary posture" of the claim. ECF No. 62 at 14.  They do not, however, elaborate on this assertion.  I do not agree that the new allegation "fundamentally alters" the claim presented to the Supreme Court of Nevada. Ground D(3) is exhausted.

Ground D(4) – Robbins concedes this claim is unexhausted.

Ground E – Robbins did not fairly present a claim to the Supreme Court of Nevada based on new evidence discovered after trial. ECF No. 47-5; ECF No. 49-4.  Ground E is unexhausted.

---

[5] Under certain circumstances, Nevada law allows for an instruction directing the jury to presume lost evidence would have been unfavorable to the State where the State loses evidence and the defendant is prejudiced by the loss. *Sanborn v. State*, 107 812 P.2d 1279, 1286 (Nev. 1991).

Ground F – Ground F alleges a deprivation of Robbins' right to a fair trial due to a possible interaction between the mother of one of his victims and one of the jurors. The respondents argue that Robbins relied only on state law in presenting this claim to the Supreme Court of Nevada. Robbins counters that the Nevada case he cited in his brief on direct appeal *(Meyer v. State*, 80 P.3d 447 (Nev. 2003)) analyzes juror misconduct under the Confrontation Clause of the Sixth Amendment.

A state case analyzing a federal constitutional issue may be sufficient "to alert a state court to the federal nature of a petitioner's claim, when citation of a comparable federal case would be sufficient for that purpose." *Peterson*, 319 F.3d at 1158. Here, however, *Meyer* discussed various forms of "juror misconduct" but focused on the Confrontation Clause only because the juror misconduct at issue involved a juror's exposure to extrinsic evidence. *See Meyer*, 80 P.3d at 453, 460. Ground F does not allege a juror was exposed to extrinsic evidence, nor does it make any reference to the Confrontation Clause. Thus, Robbins' citation to *Meyer* did not alert the Supreme Court of Nevada to the federal nature of his claim. Ground F is unexhausted.

Ground H – Citing primarily to the Nevada Constitution, Robbins argued in his direct appeal that his sentence constitutes cruel and unusual punishment. ECF No. 47-5 at 28-31. Despite his focus on state law, the Supreme Court of Nevada expressly considered the federal Eighth Amendment standard in ruling on Robbins' claim. ECF No. 48-7 at 6-7 (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). Thus, Ground H is exhausted. *See Sandgathe v. Maass*, 314 F.3d 371, 377 (9th Cir. 2002) (holding that asking whether a state court had "full and fair opportunity to resolve federal constitutional claims" serves no purpose "when the state court in fact did so" (internal quotation omitted)).

Ground I – Robbins presented cumulative error claims to the Supreme Court of Nevada in both his direct appeal and his state post-conviction proceedings. ECF No. 47-5 at 31-32; ECF No. 49-4 at 42-43. Ground I is exhausted.

////

### III.  CONCLUSION

My determinations are summarized as follows.  The portions of Grounds C and D(1) based on allegations other than improper comments during closing argument are time-barred and unexhausted.  Grounds D(2), D(4), E, F, G, and H are time-barred.  Grounds D(4), E, F, and H are unexhausted.

Under certain circumstances, a petitioner presenting a petition with unexhausted claims may ask the federal court to stay proceedings and hold them in abeyance to allow him to pursue state court exhaustion. *See Rhines v. Weber*, 544 U.S. 269 (2005).  Here, however, all of Robbins' unexhausted claims are also time-barred.  So stay and abeyance would serve no practical purpose.

Finally, Robbins makes a general request for leave to amend his petition "to include grounds for relief which are intended to be presented, which relate back, are proper, and are exhausted." ECF No. 52 at 29.  Based on my determinations above, I question whether Robbins will be able to present additional claims that meet all those criteria.  Thus, I deny the request without prejudice to Robbins filing a motion for leave to amend in compliance with Local Rule 15-1.

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 35) is granted in part and denied in part**.  The following claims in Robbins' first amended petition (ECF No. 20) are dismissed: Grounds C (in part), D(1) (in part), D(2), D(4), E, F, G, and H.

I FURTHER ORDER that the respondents shall have until **October 25, 2021** to file an answer responding to the remaining claims in Robbins' first amended petition (ECF No. 20).  Robbins shall have 60 days from the date on which the answer is served on him to file and serve a reply.

Dated: August 24, 2021.

_____
U.S. District Judge Andrew P. Gordon